IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

In Re:  Asbestos Products
        Liability Litigation

| | |
|---|---|
| SUSAN MARIA WELCH PIERCE, as Personal Representative of the Estate of DONALD E. WELCH, Deceased, and OLGA O. WELCH, <br><br> Plaintiffs, <br><br> vs. <br><br> OWENS-ILLINOIS, INC., et al., <br><br> Defendants. | Civil Action No. 2:08-CV-00588 |

**ENTRY OF APPEARANCE AND ANSWER OF DEFENDANT
INGERSOLL-RAND TO PLAINTIFFS' COMPLAINT**

In accordance with the Order for Pleadings in Cases Which Contain Asbestos-Related Personal Injury Claims in Federal District Court for the Eastern District of Pennsylvania, as amended, entered by The Honorable Charles R. Weiner on August 20, 1986, In Re: Asbestos Litigation. Misc. Docket No. *86-0457* (E.D. of Pa.), this document serves as an Entry of Appearance, Demand for Jury Trial and Answer to Plaintiffs' Complaint.  All allegations contained in or incorporated in Plaintiffs' Complaint are deemed denied. This also serves to incorporate by reference the Asbestos Defendants' Master Affirmative Defenses including any amendments and supplements thereto, filed by Defendants at the same miscellaneous number.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred because the Plaintiffs were not in privity with these Defendants and Plaintiffs may not rely upon any warranties which may have been implied or imposed by law upon these Defendants; these Defendants affirmatively state that they breached no warranty.

2. That if the Plaintiffs were injured by these Defendants' products, which is denied, the Plaintiff discovered any defect in the products and was aware of the dangers thereof, but nonetheless proceeded unreasonably to make use of the same and is, therefore, barred from recovery by South Carolina Code of Laws Section *15-73-20* (1976).

3. The allegations set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

4. Plaintiffs' claims are barred because their exclusive remedy is under the South Carolina Worker's Compensation Act or the Longshoremen and Harbor Workers' Compensation Act.

5. That the alleged injuries to the Plaintiffs occurred or were allegedly sustained prior to the enactment of Section 15-73-10 of the South Carolina Code of Laws (1976), and the Plaintiffs are, therefore, prohibited by law from asserting a cause of action based on strict liability for either actual or punitive damages.

6. That the Plaintiffs' claims are barred because Plaintiffs did not notify these Defendants within a reasonable period of time after he discovered or should have discovered the alleged defect in their products.

7.    These Defendants incorporate by reference any and all affirmative defenses not adverse to these Defendants asserted by other Defendants in this action as though the same were set forth fully herein.

8.    Ingersoll-Rand denies it has any liability, in law or in fact, to Plaintiffs and further denies that it has at any time been engaged in any business which in any manner involved asbestos or asbestos-related products.

9.    This court lacks jurisdiction over Ingersoll-Rand as a result of improper, and/or lack of, service of process.

10.   While Ingersoll-Rand denies the Plaintiffs' allegations of negligence, breach of warranty, stick product liability and enterprise liability, any injury and damages, to the extent that Plaintiffs may be able to prove them, were the result of intervening and/or interceding acts of superseding negligence on the part of parties over whom Ingersoll-Rand neither had control nor had the right to control.

11.   Plaintiffs have failed to name and join essential and necessary parties.

12.   Plaintiffs lack requisite capacity, standing and authority to bring the within action, as they are not the real parties in interest.

13.   Plaintiff, his co-workers and employers misused, abused, mistreated and misapplied the products designated as asbestos material as alleged in the Complaint.

14.   If the Court finds that any misuse, abuse, mistreatment and/or misapplication of the product caused and/or contributed to the alleged damages or injuries to the Plaintiffs, Ingersoll-Rand requests that the amount of damages which might be recoverable shall be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication, attributed to the Plaintiff, his co-workers and/or employers bear to the conduct which caused the alleged damages or injuries.

15. The injuries allegedly suffered by Plaintiffs, if any (which injuries are specifically denied by Ingersoll-Rand), were the result of culpable conduct or fault of third persons for whose conduct Ingersoll-Rand is not legally responsible, and the damages recovered by Plaintiffs, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of Ingersoll-Rand (which liability is specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injuries, if any, and the liability of Ingersoll-Rand for non-economic loss should not exceed Ingersoll-Rand's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

16. Upon information and belief, Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the Complaint.

17. At all times alleged in the Complaint, the products alleged to have caused Plaintiffs' injuries were designed, manufactured, sold, distributed, labeled and advertised in complained with the then existing state of the art in the industry to which Ingersoll-Rand's predecessor belonged and, furthermore, that the benefits of any such product design outweighed any risk of danger in the design, and that any such product met the safety expectations of Plaintiffs and the general public.

18. Ingersoll-Rand is informed and believes and, therefore, alleges that Plaintiffs are unable to identify the actual manufacturer or manufacturers of the asbestos products which allegedly caused the injury which forms the basis of the Complaint herein, and that said manufacturers were entities other than Ingersoll-Rand. Therefore, Ingersoll-Rand may not be held liable for Plaintiffs' injuries.

19.     Plaintiffs were warned of risk of exposure to asbestos-containing products.

20.     Plaintiffs' claims for damages have not accrued, are purely speculative, uncertain and contingent.

21.     Plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from Ingersoll-Rand and Plaintiffs neither received nor relied on any representation or warranty allegedly made by Ingersoll-Rand.

22.     Any oral warranties upon which Plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

23.     At the time of the injuries alleged in the Complaint, Plaintiff was employed and was entitled to and did receive workers' compensation benefits from his employer. If the conditions, as alleged in the Complaint, are found to have existed, the Plaintiffs' employer was negligent and careless in and about the matters referred to in the Complaint and said negligence on the part of the employer proximately caused or contributed to the injuries and damages, if any, complained of by Plaintiffs and, further, Plaintiffs' employer assumed the risk of the injury to the Plaintiffs, if any, in that at the time and place of the incident such conditions, if any, were open and apparent and were fully known to the Plaintiffs' employer; by reason thereof, Ingersoll-Rand is entitled to set off any compensation benefits received or to be received by the Plaintiffs against any judgment which may be rendered in favor of the Plaintiffs herein.

24.     Plaintiffs acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Ingersoll-Rand's predecessor, thus barring Plaintiffs from any relief as prayed for herein.

25.     The causes of action may not be maintained because of arbitration and award, collateral estoppel, a discharge in bankruptcy, infancy (or some other disability) of the Plaintiffs, payment, release and/or res judicata.

26.     Plaintiffs have released, settled, entered into and accord and satisfaction or otherwise compromised their claims herein, and, accordingly, said claims are barred by operation of law. Alternatively, Plaintiffs have accepted compensation as partial settlement of those claims for which is Defendant is entitled to a set-off.

27.     Plaintiffs' causes of action for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

28.     Plaintiffs' demand for punitive damages is barred by the Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

29.     Plaintiffs' demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

30.     Plaintiffs' demand for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

31.     Plaintiffs' demand for punitive damages is barred by the "ex post facto" clause of Article I, § 10 of the United States Constitution.

32.     This Defendant reserves the right to respond and assert defenses with respect to causes of action which have been dismissed, should they be reinstated through subsequent appeal after verdict.

33.     To the extent that the causes of action pleaded by Plaintiffs fail to accord with the Uniform Commercial Code, Plaintiffs' Complaint is time-barred.

34. The within action cannot be maintained as there is another action pending between the same or similar parties for the same cause of action in a court of a state of the United States.

35. Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiffs, including contributory negligence and assumption of risk, by the proportion which the culpable conduct attributable to the Plaintiffs bears to the culpable conduct which caused the damages.

36. Ingersoll-Rand alleges that all of the Plaintiff's claims, none of which are admitted and all of which are denied, are barred by the Door Closing Statute, S.C. Code Ann. §15-5-150 (Law. Co-op. 1976 & Supp. 2004).

## **RESERVATION OF CROSS-CLAIMS**

37. All cross-claims for contribution and/or indemnification by Ingersoll-Rand against all Co-Defendants and Third-Party Defendants are hereby reserved and implied.

## **ANSWER**

Answering the numbered allegations in the Complaint, Ingersoll-Rand responds as follows:

38. Ingersoll-Rand denies the allegations of Paragraph 1 of the Complaint as they apply to this Defendant.

**RESPONSE TO FIRST CAUSE OF ACTION**

39. Ingersoll-Rand denies the allegations contained in Paragraphs 2 through 7, including 7(a) through (h), of the Complaint as they relate to Ingersoll-Rand.

40. Ingersoll-Rand denies the allegations contained in the un-numbered paragraphs following Paragraph 7 of Plaintiffs' Complaint as they apply to this Defendant.

**RESPONSE TO SECOND CAUSE OF ACTION**

41. Ingersoll-Rand incorporates by reference its responses to Paragraphs 1 through 7 as its response to Paragraph 8.

42. Ingersoll-Rand denies the allegations contained in Paragraphs 9 through 11 of Plaintiffs' Complaint as they apply to this Defendant.

**RESPONSE TO THIRD CAUSE OF ACTION**

43. Ingersoll-Rand incorporates by reference its responses to Paragraphs 1 through 11 as its response to Paragraph 12.

44. Ingersoll-Rand denies the allegations contained in Paragraphs 13 through 15 of Plaintiffs' Complaint as they apply to this Defendant.

**RESPONSE TO FOURTH CAUSE OF ACTION**

45. Ingersoll-Rand incorporates by reference its responses to Paragraphs 1 through 15 as its response to Paragraph 16.

46. Ingersoll-Rand denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint as they apply to this Defendant.

47. Ingersoll-Rand denies the allegations contained in the un-numbered paragraph following Paragraph 17 of Plaintiffs' Complaint as they apply to this Defendant.

### RESPONSE TO FIFTH CAUSE OF ACTION

48. Ingersoll-Rand incorporates by reference its responses to Paragraphs 1 through 17 as its response to Paragraph 18.

49. Ingersoll-Rand denies the allegations contained in Paragraphs 19 and 20 of Plaintiffs' Complaint as they apply to this Defendant.

### RESPONSE TO A SIXTH CAUSE OF ACTION

50. Ingersoll-Rand incorporates by reference its responses to Paragraphs 1 through 20 as its response to Paragraph 21.

51. Ingersoll-Rand denies the allegations contained in Paragraphs 22 through 24 of Plaintiffs' Complaint as they apply to this Defendant.

### RESPONSE TO A SEVENTH CAUSE OF ACTION

52. Ingersoll-Rand incorporates by reference its responses to Paragraphs 1 through 24 as its response to Paragraph 25.

53. Ingersoll-Rand denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint as they apply to this Defendant.

### RESPONSE TO DAMAGES

54. Ingersoll-Rand denies the allegations contained in Paragraphs 27 through 29 of Plaintiffs' Complaint as they apply to this Defendant.

55. Ingersoll-Rand denies the allegations contained in the un-numbered paragraph following Paragraph 29 of Plaintiffs' Complaint as they apply to this Defendant.

### RESPONSE TO EIGHTH CAUSE OF ACTION

56. Ingersoll-Rand incorporates by reference its responses to Paragraphs 1 through 29 as its response to Paragraph 30.

57. Ingersoll-Rand denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint as they apply to this Defendant.

### RESPONSE TO DAMAGES

58. Ingersoll-Rand denies the allegations contained in the un-numbered paragraph following Paragraph 31 of Plaintiffs' Complaint as they apply to this Defendant.

59. Ingersoll-Rand denies the allegations of any unnumbered paragraphs of Plaintiffs' Complaint as they relate to this Defendant. Ingersoll-Rand further denies all allegations and Paragraphs of the Complaint that are not specifically responded to herein.

WHEREFORE, Ingersoll-Rand prays that the Plaintiffs' Complaint be dismissed with costs cast upon Plaintiff, and for such other and further relief as this Court may deem just and proper. Alternatively, Ingersoll-Rand requests a jury of twelve (12) persons.

[SIGNATURE ON FOLLOWING PAGE]

This 21st day of February, 2008.

                        HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                              s/ Shawn Kachmar
                        Saunders Aldridge
                        SC State Bar No. 13740
                        R. Bates Lovett
                        SC State Bar No. 74848
                        Shawn Kachmar
                        SC State Bar No.  68613
                        Attorneys for Defendant Ingersoll-Rand

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia  31412
(912) 236-0261

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANT INGERSOLL-RAND'S ANSWER TO PLAINTIFFS' COMPLAINT upon Plaintiffs' counsel in this matter by U.S. mail, sufficient postage pre-paid, addressed as follows:

> V. Brian Bevon, Esq.
> Motley Rice
> 28 Bridgeside Boulevard
> Mt. Pleasant, SC  29465

By cover letter, a copy is also being offered to all defense counsel of record.

This 21st day of February, 2008.

                                          s/ Shawn Kachmar
                                       Saunders Aldridge
                                       SC State Bar No. 13740
                                       R. Bates Lovett
                                       SC State Bar No. 74848
                                       Shawn Kachmar
                                       SC State Bar No. 68613
                                       Attorneys for Defendant Ingersoll-Rand

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia  31412
(912) 236-0261